IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEVELLE HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| CHICAGO POLICE OFFICER BOYD, | ) | JURY DEMAND |
| STAR NO. 12598; CHICAGO POLICE | ) | |
| OFFICER BELUSO, STAR NO. 19997; and | ) | |
| OTHER UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, individually and as employee/ | ) | |
| Agents of the CITY OF CHICAGO, a municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES, LEVELLE HENRY, by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS, state as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, LEVELLE HENRY, is an individual who at all times relevant hereto was

1

living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On or about September 16, 2008, the plaintiff, LEVELLE HENRY, was in a store at 658 E. 67th Street in Chicago.

6. On the above date, the plaintiff was a patron of the store and was not in violation of any laws.

7. On the above date and location, DEFENDANT OFFICERS BOYD and BELUSO approached the plaintiff and engaged in an unreasonable seizure of the plaintiff, violently pushing and throwing him to the ground. DEFENDANT BOYD and BELUSO repeatedly beat the plaintiff, while the plaintiff was on the ground.

8. OTHER UNKNOWN CHICAGO POLICE OFFICERS arrived on the scene.

9. DEFENDANT OFFICERS BOYD and BELUSO began to walk the plaintiff out of the store in handcuffs and placed Plaintiff in a Chicago Police Department transport wagon. While handcuffed in the wagon, Plaintiff was beaten a second time by DEFENDANTS BOYD and BELUSO as well as OTHER UNKNOWN CHICAGO POLICE OFFICERS.

10. On or about September 16, 2008, the plaintiff did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

11. The use of force used by some or all of the DEFENDANT OFFICERS and the failure

to intervene in the use of such force caused an excessive amount of force and an unreasonable seizure to the body of the plaintiff in violation of the Fourth Amendment of the United States Constitution.

12. The Plaintiff was admitted to Jackson Park Hospital and treated for lacerations to his head as a result of the beating he received from the DEFENDANT OFFICERS.

13. DEFENDANT OFFICERS BOYD, BELUSO and OTHER UNKNOWN CHICAGO POLICE OFFICERS conspired to injure the plaintiff by;

(a) Collectively using excessive force and/or failing to intervene in the use of excessive force against the plaintiff;

(b) Agreeing not to report each other after witnessing the plaintiff being abused by the DEFENDANT OFFICERS as described above;

(c) Generating false police reports to cover up for their own and each other's misconduct;

(d) Generating false criminal complaints in order to justify the use of force and arrest of the plaintiff;

(e) Confiscating and/or destroying certain video surveillance tape from the store located at 658 E. 67th Street, which depict the misconduct and abuse of the DEFENDANT OFFICERS as described above; and

(f) Planting narcotics on the Plaintiff in order to justify the arrest and felony prosecution of the Plaintiff.

14. In connection with the above conspiracy, DEFENDANT OFFICERS BOYD, BELUSO and OTHER UNKNOWN CHICAGO POLICE OFFICERS specifically engaged in communication on or about the date of plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the misconduct described above. As a result of this conspiracy, the DEFENDANT OFFICERS by and

through their conduct proximately caused the plaintiff to be physically injured and suffer emotional damage.

15. On June 2, 2008, the criminal charges were resolved in a manner indicative of the plaintiff's innocence.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

16. Plaintiff re-alleges and incorporates paragraphs 1-15 as fully stated herein.

17. As described above, defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

19. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: Assault and Battery

20. Plaintiff re-alleges and incorporates paragraphs 1-15 as fully stated herein.

21. As described in the preceding paragraphs, the conduct of DEFENDANT OFFICERS, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

22. The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

23. The misconduct described in this Court was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### State Law Claim: Intentional Infliction of Emotional Distress

24. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

25. The acts and conduct of DEFENDANT OFFICERS as set forth above were extreme and outrageous. DEFENDANT OFFICERS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to LAVELLE HENRY.

26. DEFENDANT OFFICERS' actions and conduct did directly and proximately cause a severe emotional distress to LAVELLE HENRY and thereby constituted intentional infliction of emotional distress.

27. The misconduct described in this County was undertaken with intent, malice, willfulness, and reckless indifference to the rights of LAVELLE HENRY.

28. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT IV
### Section 1983 Conspiracy Claim

29. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

30. The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT V
### State Law Claim: Malicious Prosecution

31. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

32. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

33. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

34. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

35. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

36. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

37. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is

liable for their actions.

## COUNT VI
### Failure to Intervene

38.     Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

39.     CERTAIN UNKNOWN DEFENDANT OFFICERS knew, or should have known, that DEFENDANT OFFICER BOYD and BELUSO would use excessive force on the plaintiff as described above.

40.     The other UNKNOWN DEFENDANT OFFICERS had a realistic opportunity to prevent or limit the harm to plaintiff and failed to take reasonable steps to prevent the harm from occurring to the plaintiff.

41.     The UNKNOWN DEFENDANT OFFICERS failure to take reasonable steps to prevent harm from occurring to the plaintiff caused the plaintiff harm, including, but not limited to, physical pain and suffering and mental stress and anguish.

42.     The conduct described in this Count was undertaken by the UNKNOWN DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT VII
### State Law Claim: Spoilation of Evidence

43.     Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

44.     On information and belief, the store located at 658 E. 67th Street utilizes a surveillance camera within the store.

45.     After the plaintiff was arrested on September 16, 2008, the DEFENDANT

OFFICERS and/or UNKNOWN CHICAGO POLICE OFFICERS confiscated the security video from the store located at 658 E. 67th Street in Chicago, Illinois.

46. On information and believe, the DEFENDANT OFFICERS and/or UNKNOWN CHICAGO POLICE OFFICERS have destroyed the video surveillance tape from the store which has a view of the illegal seizure and excessive force by DEFENDANT OFFICERS BOYD, BELUSO and UNKNOWN CHICAGO POLICE OFFICERS on the plaintiff.

47. The DEFENDANT OFFICERS and/or UNKNOWN CHICAGO POLICE OFFICERS had a duty to preserve the video surveillance tapes seized from the store located at 658 E. 67th Street on September 16, 2008.

48. As a result of the destruction of a certain video surveillance tape seized from the store, plaintiff has been injured in that his ability to prosecute and enforce his constitutional rights against the DEFENDANT OFFICERS or any other possible defendants has been irrevocably prejudiced by the destruction of the aforesaid material evidence as described above. Specifically, as a result of the DEFENDANT OFFICERS and/or UNKNOWN CHICAGO POLICE OFFICERS' conduct in the destruction of the video surveillance tape, plaintiff is unable to establish with absolute certainty which DEFENDANT OFFICERS struck him where about his head and body at the store on September 16, 2008.

49. The conduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**REQUEST FOR RELIEF**

50. Plaintiff, LAVELLE HENRY, respectfully requests that the Court:

    a. Enter judgment in his favor and against Defendants, CHICAGO POLICE

OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS;

b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS;

c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS;

d. Award punitive damages against CHICAGO POLICE OFFICER BOYD, STAR NO. 12598; CHICAGO POLICE OFFICER BELUSO, STAR NO. 19997 and OTHER UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, LAVELLE HENRY, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100